IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN EDUARDO CHAVEZ,

    Petitioner,                  No. 2:12-cv-2818 GEB KJN P

    vs.

DANIEL PARAMO,[1]               ORDER AND

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the August 2010 prison disciplinary he sustained for fighting. After carefully reviewing the record, the undersigned recommends that the petition be denied.

II. Standards for a Writ of Habeas Corpus

        An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the

---

[1] The Warden at R.J. Donovan is substituted as respondent in place of the M.D. McDonald. Rule 2(a), 28 U.S.C. foll. § 2254.

1

interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

       Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

       Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

       Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  Williams, 529 U.S. at 413.  A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (internal citations omitted) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'").  "A state court's determination that a claim lacks merit precludes federal habeas

////

relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). If there is no reasoned decision, "and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington, 131 S. Ct. at 784-85 (2011). That presumption may be overcome by a showing that "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

"When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits – but that presumption can in some limited circumstances be rebutted." Johnson v. Williams, 133 S. Ct. 1088, 1096 (Feb. 20, 2013). "When the evidence leads very clearly to the conclusion that a federal claim was inadvertently overlooked in state court, § 2254(d) entitles the prisoner to" de novo review of the claim. Johnson, 133 S. Ct. at 1097.

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal court conducts an independent review of the record. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no reasonable basis for the state court to deny relief. Harrington, 131 S. Ct. at 784. "[A] habeas court must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. Id. at 786.

III. <u>Background</u>

Petitioner is serving a sentence of thirteen years plus seven years to life for first degree attempted murder with use of a firearm. (Dkt. No. 1 at 1.)

On July 30, 2010, a correctional officer saw plaintiff and two other inmates swing their fists at each other during an incident. (Dkt. No. 1 at 27.) Plaintiff was issued a rules violation report for fighting, and on August 16, 2010, plaintiff was found guilty of the prison disciplinary rule violation, and assessed a ninety-day loss of credits. (Dkt. No. 1 at 30-32.)

On October 11, 2011, petitioner filed a petition for writ of habeas corpus in the Lassen County Superior Court, challenging the August 2010 prison disciplinary. (Dkt. No. 11-1 at 2-75.) On December 6, 2011, the Lassen County Superior Court denied the petition. (Dkt. No. 11-2 at 2.)

On January 17, 2012, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District, challenging the August 2010 prison disciplinary. (Dkt. No. 11-3 at 2-78.) The Court of Appeal denied the petition without comment on January 19, 2012. (Dkt. No. 11-4 at 2.)

On February 21, 2012, petitioner filed a petition in the California Supreme Court. (Dkt. No. 11-5 at 2-78.) The California Supreme Court denied the petition without comment on July 13, 2012. (Dkt. No. 11-6 at 2.)

IV. <u>Analysis</u>

Petitioner claims that he was not engaged in mutual combat; rather, he contends he was engaged in self-defense when two inmates attacked him. (Dkt. No. 1 at 10.) Petitioner contends that his prison disciplinary conviction violated his Fourteenth Amendment right to due process.

The last reasoned state court opinion is the December 6, 2011 order from the Lassen County Superior Court, which denied petitioner's claim as follows:

////

4

> Petitioner, an inmate at Donovan Correctional Facility, challenges a finding of guilt to a charge of "Fighting" in disciplinary proceedings at High Desert State Prison had August 16, 2010. Petitioner alleges his Federal rights of due process were violated in that he asserted a right of self-defense against an inmate aggressor. It appears that the petitioner is simply asking the court to reevaluate the evidence that was presented in the in-prison disciplinary proceedings. The court will not do so. (See, *Sultan Turkish Bath, Inc. v. Police Commissioners* (1959) 169 Cal. App. 2nd 188). The petition does not demonstrate that there is no evidence to support the administrative disciplinary determinations (*Superintendent v. Hill* (1985) 472 U.S. 445) and is denied.

(Dkt. No. 11-2 at 2.)

It is well established that inmates subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause, but are not entitled to the full panoply of rights afforded to criminal defendants. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); United States v. Segal, 549 F.2d 1293, 1296-99 (9th Cir. 1977) (observing that prison disciplinary proceedings command the least amount of due process along the prosecution continuum). An inmate is entitled to advance written notice of the charge against him as well as a written statement of the evidence relied upon by prison officials and the reasons for any disciplinary action taken. See Wolff, 418 U.S. at 563. In the disciplinary hearing context, an inmate does not have a right to counsel, retained or appointed, although illiterate inmates are entitled to assistance. Id. at 570.

An inmate also has a right to a hearing at which he may "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566; see also Ponte v. Real, 471 U.S. 491, 495 (1985) (same). However, as a general rule, inmates "have no constitutional right to confront and cross-examine adverse witnesses" in prison disciplinary hearings. Ponte, 471 U.S. at 510 (Marshall, J., dissenting). See also Baxter v. Palmigiano, 425 U.S. 308, 322-23 (1976) (same). The disciplinary hearing must be conducted by a person or body that is "sufficiently impartial to satisfy the Due Process Clause." Wolff, 418 U.S. at 571.

1       The decision rendered on a disciplinary charge must be supported by "some
2  evidence" in the record.  <u>Hill</u>, 472 U.S. at 455.  A finding of guilt on a prison disciplinary charge
3  cannot be "without support" or "arbitrary."  <u>Id.</u> at 457.  The "some evidence" standard is
4  "minimally stringent," and a decision must be upheld if there is any reliable evidence in the
5  record that could support the conclusion reached by the fact finder.  <u>Powell v. Gomez</u>, 33 F.3d
6  39, 40 (9th Cir. 1994) (citing <u>Hill</u>, 472 U.S. at 455-56, and <u>Cato v. Rushen</u>, 824 F.2d 703, 705
7  (9th Cir. 1987)).  Determining whether this standard is satisfied in a particular case does not
8  require examination of the entire record, independent assessment of the credibility of witnesses,
9  or the weighing of evidence.  <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1105 (9th Cir. 1986),
10 <u>abrogated in part on other grounds by</u> <u>Sandin v. Connor</u>, 515 U.S. 472 (1995).  Indeed, in
11 examining the record, a court is not to make its own assessment of the credibility of witnesses or
12 re-weigh the evidence.  <u>Hill</u>, 472 U.S. at 455.  The question is whether there is any reliable
13 evidence in the record that could support the decision reached.  <u>Toussaint</u>, 801 F.2d at 1105.

14      In this case, petitioner was given advance written notice of the disciplinary charge
15 brought against him.  (Dkt. No. 1 at 30.)  Petitioner was also given a written statement of the
16 evidence relied upon by prison officials and the reasons for the disciplinary action taken against
17 him.  (<u>Id.</u>)  He was allowed to call the witness (Correctional Officer Fish) he requested, and to
18 cross-examine that witness.  (Dkt. No. 1 at 31.)  Moreover, there is no evidence in the record
19 that the hearing officer was biased or impartial.

20      Finally, there was "some evidence" supporting the hearing officer's decision that
21 petitioner was fighting.  Officer Fish, who observed the incident, appeared at the hearing as a
22 witness and testified that she saw plaintiff fighting with inmate Madriaga after staff ordered the
23 inmates to stop fighting and get down on the ground.  (Dkt. No. 11-1 at 29.)  Both petitioner and
24 inmate Madriaga sustained injuries during the altercation.  (Dkt. No. 11-1 at 31, 33.)  Petitioner
25 testified at the hearing that he "was not fighting," he "was a victim," and that he "was jumped by
26 two inmates."  (Dkt. No. 11-1 at 29.)

6

Here, petitioner characterizes his actions on the day in question as self-defense. However, witness Fish's testimony and the medical reports regarding injuries are "some evidence" to support the charge of fighting. Rubio v. Harrison, 362 Fed. Appx. 886 (9th Cir. 2010).

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced . . .' United States ex re. Vajtauer v. Commissioner of Immigration, 273 U.S., at 106, 47 S. Ct. at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Hill, 472 U.S. at 455-56.

Finally, petitioner claims that the United States Constitution and the Fourteenth Amendment guarantees petitioner the right to protect himself in self defense. (Dkt. No. 12 at 5.)

The Supreme Court has not addressed the issue of whether prisoners have a right to self-defense or can rely on a theory of self-defense in disciplinary proceedings. In dicta, the Ninth Circuit Court of Appeals noted that a prohibition on the right to raise self-defense in a disciplinary hearing would not violate a prisoner's due process rights. MacMillan v. Pontesso, 73 Fed. Appx. 213, 214 n.1 (9th Cir. 2003) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply," Wolff, 418 U.S. at 556.)

Other circuits have determined that, in the prison setting, an inmate's actions are not given immunity because they were conducted in self-defense. For example, see Scruggs v. Jordan, 485 F.3d 934, 938-39 (7th Cir. 2007) (stressing that inmates do not have the substantive right to raise self-defense as a complete defense in prison disciplinary proceedings); Brown v. Wyoming Dept. of Corrections State Penitentiary Warden, 234 Fed. Appx. 874, 880 (10th Cir. 2007) ("this [self-defense] argument is simply another way to challenge the disciplinary

committee's determination that [the inmate petitioner] committed the prohibited acts, and we have already concluded that a reasonable jurist would conclude that 'some evidence' supports that decision."); Kenney v. Barron, 239 Fed. Appx. 494 (11th Cir. 2007) (holding that prison officials' failure to disclose report concluding inmate acted in self-defense did not violate prisoner's due process rights); and Williams v. Kort, 223 Fed. Appx. 95, 100 (3d Cir.2007) (agreeing with Rowe v. DeBruyn, 17 F.3d 1047, 1052-53 (7th Cir. 1994), that "prisoners do not have a constitutional right to self-defense.");

   This court is persuaded by the reasoning of the Seventh Circuit.  In Rowe, the court held that "even a substantive due process right that has been clearly established in Fourteenth Amendment criminal jurisprudence may not necessarily apply to prison inmates in disciplinary proceedings." Id., 17 F.3d at 1052-53.  The court noted that courts owe prison administrators deference in implementing policies, and that "[a] right that threatens to undermine prison discipline by encouraging inmates to combat violence with more violence subverts a core prison function of ensuring order and safety within the institution." Id. at 1052-53. Subsequently, in Scruggs, the Seventh Circuit observed that it is "misguided" to suggest that a "statute creating a justification defense for defending one's self or another in the criminal context gives [an inmate] a substantive constitutional right" to use violence to defend himself in the context of prison disciplinary proceedings. Scruggs, 485 F.3d at 939 (citation omitted).  Thus, although petitioner would have the right to defend against state court criminal charges on a theory of self-defense, there is no constitutional right to such a defense in the context of a prison disciplinary hearing.

   Here, petitioner's claim that he was the victim, having been jumped by two other inmates, was considered by the hearing officer.  However, the hearing officer found that Officer Fish's testimony, as supported by the medical evidence, supported the charge of fighting.  (Dkt. No. 11-1 at 29.)  Despite petitioner's disagreement with the hearing officer's decision and the state courts' conclusions, this court must decide whether the state court's decision was

8

1  "objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 4 (2003). As set forth above, the
2  record contains "some evidence" indicating petitioner fought with inmate Madriaga. Thus, the
3  state court's decision was objectively reasonable.
4          Petitioner was afforded all the process that was due him under the federal
5  Constitution in the context of a prison disciplinary proceeding. Accordingly, he is not entitled to
6  federal habeas relief with respect to his due process claim.
7  V.  Conclusion
8          Accordingly, IT IS HEREBY ORDERED that the Warden at R.J. Donovan is
9  substituted as respondent in place of the M.D. McDonald; and
10          IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus
11  be denied.
12          These findings and recommendations are submitted to the United States District
13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
14  one days after being served with these findings and recommendations, any party may file written
15  objections with the court and serve a copy on all parties. Such a document should be captioned
16  "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files
17  objections, he shall also address whether a certificate of appealability should issue and, if so, why
18  and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if
19  the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.
20  § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after
21  service of the objections. The parties are advised that failure to file objections within the
22  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
23  F.2d 1153 (9th Cir. 1991).
24  DATED: April 17, 2013

                                          _____
25                                     KENDALL J. NEWMAN
                                   UNITED STATES MAGISTRATE JUDGE
26  chav2818.157